IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV461-02-V
(3:93CR222-P, and 3:98CR-250-V)[1]

RODNEY LOWERY,                )
    Petitioner,              )
                              )
        v.                    )        O R D E R
                              )
UNITED STATES OF AMERICA,     )
    Respondent.              )
_____)

    **THIS MATTER** is before this Court upon petitioner's "Motion to Vacate, Set Aside, or Correct" under 28 U.S.C. §2255," filed November 4, 2005.  For the reasons stated herein, the petitioner's Motion to Vacate will be <u>denied</u> and <u>dismissed</u> for the petitioner's failure to state a claim therein.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

    Pertinent to this Motion, the record reflects that on September 15, 1998, a one-count Bill of Indictment was filed, charging the petitioner with possession with intent to distribute and distribution of a quantity of cocaine base, all in violation of 21 U.S.C. §841(a)(1).  Also on that date the government filed

---

[1]Although the petitioner has referenced both of his federal criminal cases in this Motion, he may not challenge the convictions from more than one case in this proceeding.  <u>See</u> Rule 2(d) of the Rules Governing Section 2255 Proceedings, West 2005.  Moreover, inasmuch as the petitioner's reference to the earlier of his two cases is for the purposes of challenging a sentence which he received for violation of his term of supervised release, not the original sentence which was imposed, the Court will address the petitioner's claim only as it relates to his second, most recent conviction.

an Information pursuant to 21 U.S.C. §841(b), asserting that the
amount of cocaine base involved in the subject offense was in
excess of 150 grams.

Next, on October 16, 1999, the petitioner entered into a
written Plea Agreement with the government.  By the terms of the
parties' Agreement, the petitioner agreed to voluntarily plead
guilty to the sole charge he was facing in exchange for certain
favorable recommendations pertaining to the petitioner's Senten-
cing Guidelines calculations from the government.

Notably, in addition to those matters, the petitioner's Plea
Agreement pointed out that the petitioner's sentence would be
calculated in conformity with those Guidelines; that such
sentence had not yet been calculated; and that "any [sentence]
estimate from any source, including defense counsel, . . . [was]
a prediction rather than a promise  . . . ."

Accordingly, on October 21, 1998, the Court conducted a Plea
& Rule 11 Proceeding in this matter.  On that occasion, the peti-
tioner appeared before the Court, at which time he was engaged in
a lengthy colloquy to ensure that his guilty plea was being
intelligently and voluntarily tendered.  In response to the
Court's numerous questions, the petitioner swore, <u>inter alia</u>,
that he had fully discussed his case with his attorney; and that
he understood the charges and penalties which he was facing,
particularly as they were explained in the Court and by his
attorney.

With particular relevance to the instant Motion, the
petitioner further advised the Court that no one had threatened,
intimidated, or forced him to enter his plea, and no one had made
him any promises of leniency or a light sentence in order to
induce his plea.  On the contrary, the petitioner told the Court
that he was tendering his plea because he, in fact, was guilty of
the subject offense; and that he was "pleased . . . [and] more
than happy" with his attorneys services.  Thus, after hearing the
petitioner's answers to each of its questions, the Court condi-
tionally accepted the petitioner's guilty plea.

Thereafter, on June 28, 1999, the Court conducted a Factual
Basis and Sentencing Hearing.  At the outset of that Hearing, the
petitioner reiterated his stipulation to the existence of a
factual basis for his guilty plea and conviction.

Next, the Court adopted the U.S. Probation Office's calcu-
lations under the U.S. Sentencing Guidelines.  Specifically, the
Court agreed that the petitioner's Total Offense Level was 29;
that his Criminal History Category was V; and that his corre-
sponding range of imprisonment was 140 to 175 months.  However,
the Court then granted the government's oral Motion for a
Downward Departure pursuant to U.S. Sentencing Guidelines §5K1.1
for the petitioner's substantial assistance.  Accordingly, the
Court departed to Offense Level 23, thereby yielding a range of
84 to 105 months imprisonment.  Ultimately, the Court sentenced
the petitioner to a term of 90-months imprisonment.  The Court's

3

Judgment was filed June 28, 1999.

The petitioner did not appeal his conviction or sentence; thus, those matters became final on or about July 12, 1999--that is, at the expiration of the brief period during which the petitioner could have timely requested an appeal.   Rather, after waiting more than six years, on November 4, 2005, the petitioner filed the instant Motion to Vacate, arguing simply that counsel was ineffective for "informing [the petitioner] that if he pled guilty to [the] charges and completed the Bureau of Prisons['] (BOP)[sic] Residential Drug Abuse [Program] (RDAP) he would be eligible for one year off his sentence pursuant to 18 U.S.C. §3621(e)(2)(2) [sic]."

Notwithstanding his assertion that the instant claim is predicated upon the discovery of a "new fact," it is readily apparent that the petitioner's claim is time-barred under the Antiterrorism And Effective Death Penalty Act of 1996 (generally imposing a 1-year limitations period, such period to be calculated from the date such conviction became final, in which to file such a collateral challenge to the underlying conviction or sentence).   However, out of an abundance of caution, the Court has decided to address the petitioner's claim, instead of prolonging the inevitable dismissal of this case by directing the government to rejoin the petitioner's assertion that his Motion is timely filed.

## II.  ANALYSIS

With respect to allegations of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby.  Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance.  Id. at 689; see also Fields v. Attorney Gen'l. of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S. 1011 (1978).

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different.  Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999).  Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'"  Id., quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).

To put it another way, in order to demonstrate prejudice, the petitioner must show a probability that the alleged errors

5

worked to his "actual and substantial disadvantage, infecting his trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986), citing United States v. Frady, 456 U.S. 152, 170 (1982).  Under these circumstances, then, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. Therefore, if the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing Strickland, 466 U.S. at 697.

More critically, a petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet.  See Hill v. Lockhart, 474 U.S. at 53-59; Fields, 956 F.2d at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988).  The Fourth Circuit described the petitioner's additional burden in a post-guilty plea claim of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice prong of the [Strickland] test is slightly modified.  Such a defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Hooper, 845 F.2d at 475 (emphasis added); accord Hill v. Lockhart, 474 U.S. at 59; and Fields, 956 F.2d at 1297.

Turning now to the petitioner's allegation, here he claims

6

that counsel was ineffective, essentially for having advised the petitioner that if he pled guilty and participated in a certain prison program, he could receive a one-year reduction in his sentence.  Notwithstanding his belief to the contrary, however, such claim must fail as a matter of law.

First, the Court notes, to the petitioner's credit, that he has managed to assert that but for counsel's allegedly incorrect advice, he would not have pled guilty and would have insisted upon proceeding to trial.  However, such assertion is entirely undermined by the record which shows that the petitioner's guilty plea yielded him an 8-level reduction in his Offense Level for his substantial assistance and his acceptance of responsibility. Moreover, the record shows that the petitioner has not even attempted to repudiate his sworn admission of guilt; therefore, this Court can conclude that he likely would have been convicted had he gone to trial.  See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (noting that a defendant's plea and statements at Rule 11 proceedings "constitute a formidable barrier" to their subsequent attack).

In the absence of the foregoing reductions, the petitioner would have faced a sentence within a Guidelines range of 168 to 210 months (corresponding to Offense Level 31, Criminal History Category V).  Consequently, since the petitioner probably was aware of this fact, he simply has failed to show by this belated assertion that there was a reasonable probability that he would

7

not have pled guilty and would have insisted upon a trial.

More critically, the law forecloses the petitioner's claim of ineffective assistance in any event.  That is, the Fourth Circuit routinely has been unsympathetic toward claims of ineffective assistance of counsel which are premised upon allegations of inaccurate sentencing predictions.  See United States v. Foster, 68 F.3d 86-87-88 (4th Cir. 1995) (rejecting a claim of ineffective assistance of counsel by a defendant who was sentenced as Career Offender after pleading guilty upon counsel's assurances that he would not face such an enhancement); United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992) (en banc) rejecting a claim against counsel premised on defendant's representation that counsel told him he faced a 78-108-month sentence, but he received a 360-month sentence).

In a similar regard, the law in this Circuit is equally well settled that a guilty plea does not become invalid simply because such plea was made in expectation of a significantly lower sentence.  United States v. Lambert, 994 F.2d 1088, 1093 (4th Cir. 1993); Lambey, 974 F.2d at 1394-96 (finding no abuse of discretion in denial of motion to withdraw guilty plea due to imposition of 360-month sentence for defendant who relied on attorney's advice that he faced a 78-108 month sentence); and United States v. McHan, 920 F.2d 244 (4th Cir. 1990) (finding no abuse of discretion in the denial of motion to withdraw guilty plea after defendant learned his conviction might be used as

8

predicate offense for continuing criminal enterprise charge).
Therefore, the petitioner cannot demonstrate an entitlement to
relief on this allegation.

### III.  CONCLUSION

Based upon the foregoing, even when giving the petitioner
the benefit of the doubt on the question of whether this Motion
was timely filed, it is clear that he has failed to state a claim
for ineffective assistance of counsel.  Therefore, the peti-
tioner's Motion to Vacate must be <u>denied</u> and <u>dismissed</u>.

### IV.  ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's
Motion to Vacate is **DENIED and DISMISSED.**

**SO ORDERED.**

Signed: December 14, 2005

Richard L. Voorhees
United States District Judge